138

[675 NYS2d 641]

In the Matter of ROBERT W. NERBOSO (Admitted as ROBERT WRIGHT NERBOSO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 20, 1998

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.
*Stephan J. Siegel,* Forest Hills, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition, dated May 7, 1997, which contained three charges of professional misconduct against him. After a prehearing conference on July 18, 1997, and hearings conducted on August 20, 1997 and September 3, 1997, Special Referee Monteleone sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent's attorney has submitted an affirmation in opposition requesting that the Special Referee's report be disaffirmed.

The charges are predicated upon a common set of factual allegations.

The respondent was assigned, pursuant to County Law article 18-B, to defend Wilfredo Garcia against criminal charges pending in the Supreme Court, Queens County, in or about September 1995. The defendant was charged with burglary in the third degree, in violation of Penal Law § 140.20, and other related crimes. The defendant, who was free on bail, initially met with the respondent on or about September 13, 1995, in the courthouse where he was scheduled to appear before the Honorable Charles A. LaTorella, Jr.

Between September 13, 1995 and January 25, 1996, the respondent made several attempts to persuade the defendant to plead guilty to a felony and to accept a sentence of imprisonment as part of various plea bargains offered by the prosecution. The defendant, in response to each of the respondent's attempts to persuade him to accept the proffered plea bargains, made it clear to the respondent that he had no intention of entering a plea of guilty.

On January 25, 1996, the respondent again met with the defendant in the courthouse where he was scheduled to appear before Justice LaTorella. The defendant again rejected the respondent's efforts to induce him to enter a plea of guilty to a felony charge. Following the defendant's refusal to plead guilty and Justice LaTorella's directive that the case be marked ready for trial, the respondent, without reasonable basis and contrary to the defendant's lawful objectives, requested that the defendant be subjected to a psychiatric examination, pursuant to CPL article 730.

On the basis of the respondent's motion and supporting statements, Justice LaTorella exonerated the defendant's bail,

ordered him remanded, and adjourned the matter to January 26, 1996. On the adjourned date, the respondent renewed his request for an examination of the defendant pursuant to CPL article 730. Justice LaTorella granted the respondent's request and ordered the defendant remanded for a psychiatric examination, pursuant to CPL 730.30. The defendant remained in custody until approximately April 15, 1996, when he was again released on bail after having been examined and found not to be mentally incapacitated.

The respondent was relieved of his assignment as the defendant's attorney in or about March 1996.

Based on the foregoing, the respondent was charged with violating three disciplinary rules. Charge One alleged that the respondent initially failed to seek the lawful objectives of a client, in violation of Code of Professional Responsibility DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]). Charge Two alleged that the respondent failed to handle a legal matter with adequate preparation, in violation of Code of Professional Responsibility DR 6-101 (A) (2) (22 NYCRR 1200.30 [a] [2]). Charge Three alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the evidence adduced, the Special Referee properly sustained all three charges of professional misconduct.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he was under extreme. mental stress at the time of the underlying incident due to his wife's ill health. The respondent has expressed remorse and resolves to vigorously attend continuing legal education courses which will allow him to better deal with cases involving CPL article 730.

The respondent's prior disciplinary history consists of a personally delivered admonition in 1990.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert W. Nerboso, is suspended from the practice of law for a period of one year, commencing August 20, 1998, and continuing until the further or-

der of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert W. Nerboso, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.